IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PERNELL C. JACKSON**<br>1901 E Street, S.E.<br>Washington, D.C. 20002<br><br>    **Plaintiff,**<br><br>  v.<br><br>**THE DISTRICT OF COLUMBIA**<br>John A. Wilson Building<br>1350 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004<br><br>    **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

## INTRODUCTION

1. This is a civil action brought pursuant to 42 U.S.C. § 1983 seeking damages against defendant District of Columbia for committing acts under color of law which deprived Plaintiff of rights secured under the Constitution and laws of the United States and the District of Columbia.

## JURISDICTION

2. Jurisdiction of this Court is invoked pursuant to the Fifth and Fourteenth Amendments to the Constitution, and under 42 U.S.C. § 1983; and under D. C. Code § 11-921.

3. The District of Columbia was given notice of this claim pursuant to D.C. Code § 12-309 on February 24, 2012.

## PARTIES

4. The Plaintiff, Pernell Jackson, was at all times relevant herein a resident of the District of Columbia and was incarcerated at the D.C. Jail at the time of the injuries complained of herein.

5. Defendant District of Columbia is a municipal corporation organized pursuant to the laws

of the United States and the Department of Corrections is a department which operates thereunder and which was during all relevant times herein responsible for the day to day operations of the D.C. Jail.

6. At all times relevant herein, the Defendant District of Columbia was responsible under the doctrine of respondeat superior for the negligent and/or intentional acts of its employees, agents and/or servants, committed in the scope of their employment at the D.C. Jail.

### FACTS

7. The Plaintiff was being held at the D.C. Jail on January 14, 2012, and was housed in the SW 1 Unit, which was considered as the "supermax unit" at the facility.

8. While waiting to receive a haircut in the unit between 5:00 and 6:00 p.m., the Plaintiff had his mobility and ability to defend himself severely restricted by handcuffs, a belly chain and leg shackles.

9. As the Plaintiff was waiting for his turn in the barber's chair, he was suddenly attacked by an armed inmate that was not handcuffed or similarly restrained, even though all of the inmates in that area were supposed to be restrained as the Plaintiff was restrained, who stabbed him several times with an edged weapon. As a result of the attack, the Plaintiff suffered stab wounds to several parts of his body including, but not limited to his arms, and back, and suffered a collapsed lung as well.

10. The Plaintiff was stabbed by another inmate housed in the supermax unit of the D.C. Jail because the District of Columbia, acting through its agents, servants and employees, acting within the scope of their employment, was negligent in failing to properly hire, train and supervise the staff at the D.C. Jail, failed to properly respond to the assault as it took place, failed to properly classify

and house the inmates in SW1, failed to have proper procedures in place to control contraband, failed to properly monitor the unit as required for the proper safety of the inmates, failed to conduct proper surveillance, failed to properly assign and monitor staff, failed to properly restrain Plaintiff's assailant, and because the D.C. Jail was knowingly overcrowded, and understaffed.

11.  The attack upon the Plaintiff was one of numerous attacks that occurred at the D.C. Jail over a prolonged period of time without correction or mitigation.  As such, the District of Columbia has exhibited a pattern and practice of deliberate indifference as to the safety of the people housed in the D.C. Jail.  The Plaintiff's injuries were a direct and proximate result of the total disregard for the safety of the individuals housed at the D.C. Jail which was and continues to be displayed by the District of Columbia.

## COUNT I
### (Deprivation of Civil Rights- 42 U.S.C. § 1983; Due Process Violation of the Fifth and Fourteenth Amendments)

12.  The Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 11 of this Complaint as if fully alleged herein.

13.  The Plaintiff had a constitutionally protected liberty interest in safety, freedom of movement and minimally adequate training and supervision of the staff at the D.C. Jail.

14.  The Plaintiff had a constitutionally protected right as an involuntarily committed individual in the custody of the District of Columbia to conditions of reasonable care and reasonable safety, reasonably nonrestrictive confinement conditions, freedom from unreasonable restraint and such adequate training as may be required by these interests.

15.  The Defendant District of Columbia had an affirmative duty of care and protection to the Plaintiff.

16. The Defendant District of Columbia expressed a deliberate indifference to, and/or reckless disregard for Plaintiff's right to life, personal security, as well as adequately trained staff to provide for his serious medical and psychological needs.

17. The District of Columbia acting under color of law and with deliberate indifference to and reckless disregard for his safety and well-being and in violation of his rights under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, did on or about January 14, 2012, allow to be committed acts which deprived the Plaintiff of his constitutional right to minimally adequate care and freedom from undue restraint and seizure by implementing and/or executing inadequate policies, practices, procedures and/ or customs relating to the care, treatment, and commitment of residents at the D.C. Jail.

18. Such policies and/or customs of the District of Columbia caused the physical pain, severe mental anguish and serious bodily injury suffered by the Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant District of Columbia, in the full and just amount of five million dollars ($5,000,000.00), plus punitive damages to the extent allowed by law, interest and costs.

## COUNT II
**(Negligent Hiring, Training and Supervision,)**

19. The Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 11 of this Complaint as if fully alleged herein.

20. At all times material herein, the Plaintiff was under the custody and care of the District of Columbia through its employees, agents and/or servants as an involuntarily committed resident of the D.C. Jail.

21. At all times relevant herein, personnel at the D.C. Jail were acting under the direction and control of the District of Columbia and pursuant to the rules, regulations, policies and procedures put in place by the District of Columbia.

22. At all times relevant herein, there was an applicable standard of care which applied to the hiring, training and supervision of individuals employed by those entities and/organizations responsible for the custody and care of incarcerated individuals.

23. At all times material herein, the District of Columbia had a duty to the Plaintiff to exercise reasonable care in the hiring, training and supervision of its employees as well as the application of the District's policies and practices and those generally accepted under federal law, local law and the Constitution of the United States.

24. Nevertheless, the District of Columbia, by and through its employees, agents and/or servants, acted negligently, carelessly and recklessly with a total and deliberate disregard for the security needs of the Plaintiff by failing in its duty of care by acts and/or omissions including, but not limited to, failing to properly and sufficiently staff the D.C Jail with appropriate individuals, failing to properly and adequately train its employees, failing to provide adequate and appropriate supervision of its employees and/or residents, failing to adequately control, direct and monitor its agents in their duties and responsibilities and condoning conduct by its employees/ agents with respect to the substandard treatment and supervision of it inmates which violated the District of Columbia's own policies and practices, applicable court orders, the Constitution of the United States and the generally accepted policies and practices.

25. As a direct and proximate result of the District of Columbia's negligent, careless, reckless supervision and negligent acts and omissions, the Plaintiff was wrongfully and brutally

attacked at the D.C. Jail.

26. As a direct and proximate result of these acts and omission of the District of Columbia, the Plaintiff was wrongfully and unlawfully attacked while at the D.C. Jail and suffered serious bodily injuries as a result thereof.

WHEREFORE, Plaintiff demands judgment against the District of Columbia, in the full and just amount of two million dollars ($2,000,000.00), plus punitive damages to the extent allowed by law, interest, and costs.

## COUNT III
**(Negligent Infliction of Emotional Distress)**

27. The Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 11 of this Complaint as if fully alleged herein.

28. Defendant District of Columbia through its agents and/or employees of D.C. Jail, caused severe emotional distress to the Plaintiff by its negligent conduct, including but not limited to failing to properly supervise its employees and residents, thereby resulting in an attack upon his person by a D.C. Jail inmate which directly led to his serious bodily injuries.

29. As a further direct and proximate result of the negligent, excessive and assaultive acts and omissions of the defendant, the Plaintiff sustained serious bodily injuries, mental anguish, emotional distress and pain and suffering that continues to this day.

WHEREFORE, Plaintiff demands judgment against the District of Columbia, in the full and just amount of two million dollars ($2,000,000.00), plus punitive damages to the extent allowed by law, interest and costs.

## JURY DEMAND

The plaintiff demands a trial by jury on all issues so triable.

>Respectfully submitted,
>
>  /s/ Gregory L. Lattimer
> Gregory L. Lattimer, [371926]
> 1200 G Street, N.W.
> Suite 800
> Washington, D.C.  20005
> (202) 434-4513
> Glattimer@lattimerlaw.com
>
> Counsel for the Plaintiff